UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER FLORES,** § | | |
| Institutional ID No. 1336588, § | | |
| SID No. 4189697, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | 1:10-CV-098-BL |
| **DALE L. BOECKER,** § | | ECF |
| § | | |
| Defendant. § | | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court upon Defendant's Motion for Summary Judgment filed March 20, 2012 (Doc. 54) and upon Plaintiff's Motion for Hearing filed March 15, 2012 (Doc. 53), Motion in Limine filed March 21, 2012 (Doc. 56), and Motion for Leave to File Amended Motion in Limine, also filed on March 21, 2012 (Doc. 57).

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on May 21, 2010 (Doc. 1). Plaintiff claims that Defendant Dale L. Boecker, an officer at the French Robertson Unit ("Robertson Unit") of the Texas Department of Criminal Justice - Institutional Division ("TDCJ") subjected him to an excessive use of force, retaliated against him, and was deliberately indifferent to his serious medical needs and health and safety.[1]

The court entered an Order Setting Evidentiary Hearing on July 14, 2010 (Doc. 7), setting an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) and 28 U.S.C. § 1915. Plaintiff consented to having the United States magistrate judge conduct all proceedings in

---

[1] As noted herein, certain of Plaintiff's claims were dismissed with prejudice as frivolous upon completion of the initial review under 28 U.S.C. § 1915.

this case pursuant to 28 U.S.C. § 636(c) in his complaint. Plaintiff appeared and testified in his own behalf.

The court entered an order to dismiss in part and order to file answer or other responsive pleading on August 5, 2011 (Doc. 16). Plaintiff's claims asserted against Defendant Dale L. Boecker, in his individual capacity, for deliberate indifference to his serious medical needs and health and safety, failure to protect, deprivation of due process of law, cruel and unusual punishment, and deprivation of free speech, and all of Plaintiff's claims asserted against Boecker in his official capacity, were dismissed with prejudice as frivolous. The court declined to exercise jurisdiction over Plaintiff's state law claims. Defendant Boecker was ordered to answer or otherwise plead on Plaintiff's claim that he was subjected to retaliation.

Boecker filed his answer on October 6, 2011 (Doc. 25). Defendant filed an amended answer on December 19, 2011 (Doc. 39).

Defendant filed his motion for summary judgment and a brief in support therein on March 20, 2012 (Docs. 54, 55). Plaintiff filed a response in opposition, with a brief, declaration, statement of disputed factual issues and appendix in support of his response, on April 9, 2012 (Docs. 61, 62, 63, 64, 65).

Plaintiff filed a motion for a hearing on spoilation of evidence on March 15, 2012 (Doc. 53), as well as a motion in limine (Doc. 56) and a motion for leave to file an amended motion in limine (Doc. 57), both filed on March 21, 2012.

## I.  BACKGROUND

In his complaint and in his testimony, Plaintiff alleges that:

On August 20, 2009, Plaintiff repeatedly complained to Defendant Dale L. Boecker about his failure to complete an ingress and egress as Plaintiff had a lay-in for a legal appointment.

However, movement was minimized and Plaintiff's lay-in was cancelled. Plaintiff put his hand in the door when Defendant shut the door to his cell. Plaintiff's fifth metacarpal bone was fractured. Boecker continued with his rover duties.

Thereafter, another inmate assisted Plaintiff by notifying a sergeant that Plaintiff required medical assistance. Plaintiff spoke with Boecker and the sergeant about the injury when Boecker returned to do the egress for the meal. Plaintiff was then escorted to the medical department where he received treatment.

Plaintiff is seeking injunctive relief and an award of nominal and punitive damages.

## II.     SUMMARY JUDGMENT STANDARD

A motion for summary judgment permits a court to resolve a lawsuit without conducting a trial if the court determines that (1) there is no genuine dispute as to any material facts and (2) the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Williams v. Kaufman County*, 352 F.3d 994, 1001 (5th Cir. 2003). To determine whether there are any material factual issues, the court considers applicable substantive law to define which issues are material and then considers the evidence relevant to those issues in the light most favorable to the nonmoving party. *Williams*, 352 at 1001. A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

Summary judgment is only appropriate when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact precluding judgment as a matter of law for the movant. *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). In determining summary judgments, all inferences are drawn in favor of the nonmoving party. *Austin*

*v. Johnson*, 328 F.3d 204, 207-08 (5th Cir. 2003). However, "the nonmoving party may not rest on the allegations or denials of [his] pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

The court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, when ruling on a motion for summary judgment. *Jones v. Collins*, 132 F.3d 1048, 1052 (5th Cir. 1998). The party moving for summary judgment must first demonstrate that "there is an absence of evidence to support the nonmoving party's cause." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party satisfies this requirement by either (1) submitting evidentiary documents that negate the existence of some material element of the nonmoving party's claim or (2) merely pointing out the absence of evidence to support the nonmoving party's claim if the nonmoving party will bear the burden of proof on that claim at trial. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Priester v. Lowndes County*, 354 F.3d 414, 419 (5th Cir. 2004).

If the moving party supports his motion with evidence, the nonmoving party cannot simply rely on conclusory legal allegations but must present affirmative evidence in order to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 248-55; s*ee Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) (holding that unsupported allegations, affidavits, or depositions merely setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment).

To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Plaintiff alleges that Defendant Boeker retaliated against him for engaging in constitutionally protected activity. Defendant argues that he did not intentionally shut the door on Plaintiff's hand, and that he is entitled to qualified immunity.

**A.     Qualified Immunity.**

The court must first consider whether Defendant is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Therefore, as a threshold matter, the court must consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officers' conduct violated a constitutional right. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier*, 533 U.S. at 201; *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001).

"Qualified immunity protects public officers from suit if their conduct does not violate any 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Linbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Hope*, 536 U.S. at 739 (quoting *Saucier*, 533 U.S. at 206). This privilege is "an *immunity from suit* rather than a mere defense to liability." *Saucier*, 533 U.S. at 200-01.

The court employs a two-step inquiry to determine whether the individual defendants are entitled to qualified immunity. *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 863 (5th Cir. 2004) (citing *Price*, 256 F.3d at 369). First, the court must determine whether the facts, either as the plaintiff alleges or as proved without dispute, establish that the officer violated a clearly

established constitutional right. *Linbrugger*, 363 F.3d at 540 (citing *Price*, 256 F.3d at 369).  If no constitutional right has been violated, the inquiry ends and the defendant is entitled to qualified immunity.  *Id.*  If the plaintiff has alleged a constitutional violation, the court must next determine whether the official's conduct was objectively unreasonable under established law. *Id.* (citing *Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)). The first question is governed by the current understanding of constitutional rights and the second by what was reasonably understood at the time of the challenged act.  *Roe v. Tex. Dep't of Protective & Regulatory Servs.*, 299 F.3d 395, 401 (5th Cir. 2002).

For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  *Saucier,* 533 U.S. at 202.  If the allegations do not establish the violation of a constitutional right, the officer is entitled to qualified immunity.  *Id.* at 201.  If the allegations could make out a constitutional violation, the court must ask whether the right was clearly established – that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.  Where an officer makes a reasonable mistake as to what the law requires, that officer is entitled to immunity.  *Id.* at 205.

The first prong of the qualified immunity test – whether Plaintiff has alleged a violation of a clearly established constitutional right – depends on whether the summary judgment evidence, viewed in a light favorable to the Plaintiff, demonstrates that Defendant Boecker retaliated against him for his exercise of a constitutional right.

**A**.    **Retaliation Claim**

Plaintiff alleges that Boecker retaliated against him for complaining about Boecker's failure to complete an ingress and egress within a particular time period by shutting Plaintiff's cell door on

his hand. Boecker notes that Plaintiff told him that he had shut the door on his hand but avers that the injury to Plaintiff was not caused intentionally.

Prison officials may not retaliate against an inmate because that inmate exercised his right of access to the courts or complained to a supervisor about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions. *Id.* at 1166 (citing *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. *Id*.

In order to sustain a § 1983 retaliation claim, Plaintiff must establish: (1) the existence of a specific constitutional right; (2) the defendant's intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation. *Freeman v. Tex. Dep't of Crim. Justice,* 369 F.3d 854, 863 (5th Cir. 2004) (citing *Woods*, 60 F.3d at 1166). The inmate must allege more than his personal belief that he is the victim of retaliation. *Jones*, 188 F.3d at 325. Mere conclusory allegations of retaliation are insufficient to support a claim of retaliation. *Id*. The plaintiff "must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods*, 60 F.3d at 1166. Plaintiff is required to "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Id.*

The undisputed facts indicate that Boecker was working as a rover on August 20, 2009. Plaintiff's Appendix In Support of Brief in Opposition, Exhibit A, Declaration of Plaintiff at 1 (Doc.

63) (hereafter, "Decl. of Pl. "); Defendant's Brief in Support of Motion, Exhibit A, Affidavit of Dale L. Boecker (Doc. 56) at 1(hereafter, "Aff. of Def."). The undisputed facts indicated that Plaintiff asked Boecker when he was going to do an ingress and egress. *Id.* Boecker did not tell Plaintiff when he could complete an ingress and egress. *Id.* Plaintiff alleges that he told Boecker he would tell his supervisor that he did not conduct an ingress and egress on the hour and file a grievance against him. Decl. of Pl. at 2. Boecker indicates that the unit was "under ICS mode, suspension of activities," and he was trying to keep traffic to a minimum. Aff. of Def. at 2. Plaintiff asked the picket officer, C.O. Cedillo, to let him get his materials for a legal lay-in that was scheduled. Decl. of Pl. at 2. Plaintiff stayed in his cell until he later paged Cedillo, who told him that the lay-in had to been cancelled. *Id.* Plaintiff was near his cell when Boecker came to close the cell door. Decl. of Pl. at 3. Plaintiff again told Boecker that he planned to complain about the failure to previously complete an ingress and egress. *Id.* Plaintiff indicated that he wanted to just put his things in his cell and return to the dayroom. *Id.* However, Boecker told Plaintiff he would stay in his cell until told otherwise, and closed the cell door. Pl. Decl. at 3. When Boecker returned later to do the egress for the meal, Plaintiff told him that he had closed the door on his hand. Pl. Decl. at 3, Def. Aff. at 2. Boecker motioned for the picket officer to open the door. Pl. Decl. at 4; Def. Aff. at 2. Plaintiff and Boecker spoke with Sgt. Pasck about Plaintiff's hand injury, and Plaintiff was escorted to the infirmary for medical treatment. *Id.*

    **1.**    **Whether Plaintiff established the existence of a specific constitutional right**.

Prisoners retain those First Amendment rights that are consistent with their status as prisoners or with the legitimate penological objectives of the prison. *Hudson*, 468 U.S. at 523. It is well established that inmates have a constitutional right of access to the courts. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). It is also well established that prison officials may not retaliate against an

inmate because that inmate exercised his right of access to the courts. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). A prisoner does retain, in a general sense, a right to criticize prison officials. *Freeman*, 369 F.3d at 864. A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citing *Woods*, 60 F.3d at 1164). A guard thus may not harass an inmate in retaliation for the inmate complaining to supervisors about the guard's conduct. *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). Rather, "[a] prison inmate is entitled to his First Amendment right to freedom of expression so long as it is not inconsistent with his status as a prisoner and does not adversely affect a legitimate state interest." *Jackson v. Cain*, 864 F.2d 1235, 1248 (5th Cir. 1989) (citations omitted).

The parties do not disagree that Plaintiff has the constitutional right of access to the courts, and it is not disputed that Plaintiff's hand was injured when Boecker closed his cell door after Plaintiff had complained about the lack of an ingress and egress audit. The parties also do not dispute that Plaintiff repeatedly threatened to bring complaints about Boecker to the attention of senior officials because of the lack of an ingress and egress check. Moreover, it is not disputed that after Plaintiff was injured, both Plaintiff and Boecker spoke with Sergeant Pasck about Plaintiff's injury. Therefore, for the purpose of considering the summary judgment motion, the court finds that Plaintiff's right to complain through the proper channels about guard misconduct was clearly established at the time of the events described in his complaint and that Plaintiff has established the existence of this right.

**2.      Whether Plaintiff established Defendant's intent to retaliate.**

To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right *and* be prepared to establish that but for the retaliatory motive the complained of

incident . . . would not have occurred." *Tighe*, 100 F.3d at 42 (emphasis supplied). The inmate must allege more than his personal belief that he is the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or . . . 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Woods*, 60 F.3d at 1166 (citation omitted) (quoted in *Jones,* 188 F.3d at 325).

In order to satisfy the requirements that he must allege the violation of a specific constitutional right *and* be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred, Plaintiff may allege a chronology of events from which retaliation may plausibly be inferred. *See Tighe*, 100 F.3d at 42 (emphasis supplied). This places a significant burden on the inmate. *Woods*, 60 F.3d at 1166. In order to survive summary judgment, Plaintiff must demonstrate a retaliatory motive. *Id.* Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. *Id.*

In examining the chronology of events to demonstrate retaliatory motive, the court notes that "[a]n action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Id.* at 1165. However, "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Id.* at 1166.

In this case, making all inferences in Plaintiff's favor, it appears that Plaintiff alleges that he has demonstrated Defendant's retaliatory motive by alleging a chronology of events from which such a motive may be reasonably inferred. Plaintiff alleges that he spoke to Boecker and Cedillo multiple times, inquiring about completion of the ingress and egress audit, and that he repeatedly threatened

to report Boecker or file grievances against him for his failure to complete the ingress and egress in what Plaintiff believed to be a timely fashion.

Plaintiff's allegations, accepted as true, indicate that he complained to Boecker and threatened to file grievances about him and report him to his superior officers. Plaintiff's allegations do not demonstrate that he complained through the proper channels about Boecker's perceived misconduct or complained to his supervisors *prior* to the incident wherein his hand was injured. *See generally, Morris*, 449 F.3d at 684 (5th Cir. 2006; *Gibbs*, 779 F.2d at 1046. Indeed, the parties agree that immediately after the incident, both Plaintiff and Boecker spoke to Sgt. Pasck, Boecker's superior, and that arrangements were made for Plaintiff to receive medical care at the infirmary. The parties agree that the typical ingress and egress checks were not performed at the usual times. However, the undisputed facts do not demonstrate any retaliatory motive, either directly or through a chronology of events. The summary judgment evidence, viewed in the light most favorable to Plaintiff and making all inferences in his favor fail to show Defendant's intent to retaliate.

**3.  Whether Plaintiff has established an adverse retaliatory act.**

Plaintiff alleges that the Boecker shut the door on his hand after Plaintiff threatened to write grievances about him and to report Boecker's failure to comply with prisoner regulation to Boecker's superior officers. Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris,* 449 F.3d at 686. In *Morris,* the Fifth Circuit examined the specific retaliation alleged by the plaintiff to determine whether the actions of the prison officials would have deterred a person of ordinary firmness from exercising his First Amendment right to file grievances against prison officials. *Id*. The Fifth Circuit noted that neither of the alleged acts of retaliation support an inference that these acts "would have deterred [the plaintiff] from the exercise of the right to file grievances." *Id*. at 687.

The Court therefore concluded that, although the alleged acts may have been based on a retaliatory motive and the plaintiff may have experienced discomfort for a few days as a result, there was no evidence that the alleged acts of retaliation were more than *de minimis*. *Id*.

In this case the court notes Plaintiff's allegations and the evidence produced by the Plaintiff demonstrate that Plaintiff filed grievances and continued to complain about Boecker after the incident wherein his hand was injured.

Clearly, the alleged retaliation was not sufficient to deter Plaintiff from filing grievances, or complaining about the Defendant. Solely for the purpose of considering the summary judgment motion, the court accepts that the injury to Plaintiff's hand could constitute a retaliatory adverse act. However, the court has already found that the summary judgment evidence does not support the finding of an intent to retaliate.

**4.     Whether Plaintiff has established causation.**

Causation is an essential element of a retaliation claim. *Freeman,* 369 F.3d at 863. Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson*, 110 F.3d at 310 (quoting *Woods,* 60 F.3d at 1166). Plaintiff is required to demonstrate causation. *McDonald*, 132 F.3d at 231. Unless the complained-of action would not have taken place "but for" the retaliatory animus, then the retaliation claim has not been made out. *Woods,* 60 F.3d at 1166. Plaintiff argues that he has shown retaliatory motive and causation as demonstrated by the chronology of events and as supported by his description of his complaints to and about Defendant Boecker. However, the court has already found that the summary judgment evidence is insufficient to demonstrate Boecker's intent to retaliate.

The element of causation is separate *and* necessary to demonstrate a retaliation case. Plaintiff has come forward with no evidence indicating that but for repeated statements and threats to Boecker

and the picket officer, his hand would not have been injured. While the court treats Plaintiff's declaration as competent summary judgment evidence, the vague statement that Plaintiff's injury was a result of his complaints does not provide direct evidence that Boecker shut the cell door on his hand as a result. Plaintiff's allegations are insufficient to demonstrate "but-for" causation as to his claim of retaliation. *See McDonald*, 132 F.3d at 231.

Consequently, Plaintiff has failed to establish the second and fourth elements, retaliatory intent and causation, of his retaliation claim. *McDonald,* 132 F.3d at 231.

Because Defendant would not have the burden of proof at trial concerning the retaliation claim, he may meet his summary judgment obligation by pointing the court to the absence of evidence to support the claim. *See Celotex Corp.,* 477 U.S. at 325. Plaintiff must then go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *Id.* at 324; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994). An issue of fact is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in that party's favor that the evidence allows, would be sufficient to support a verdict in the party's favor. *Hilton v. Southwestern Bell Tel. Co.*, 936 F.2d 823, 827 (5th Cir. 1991) (*per curiam*); *Anderson*, 477 U.S. at 249-50. Summary judgment is mandatory where the nonmoving party fails to meet his burden. *Little*, 37 F.3d at 1076.

Plaintiff has the burden to rebut a qualified immunity defense "by establishing that the official's allegedly wrongful conduct violated clearly established law." *Austin*, 328 F.3d at 208 (citing *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997)). The court has reviewed the summary judgment evidence in the light most favorable to the Plaintiff and has made all inferences in his favor. The court finds, however, that Plaintiff's allegations, taken in the light most favorable to the party asserting the injury, fail to show that Defendant's conduct violated his constitutional right to

be free from retaliation. *Price*, 256 F.3d at 369. The court finds that Plaintiff has failed to demonstrate causation, the fourth element of a retaliation claim. The Defendant has shown that Plaintiff's claim is lacking essential elements. Although the court has considered Plaintiff's arguments, his evidence, and his statement of disputed facts, Plaintiff has nevertheless failed to come forward with specific facts showing that there is a genuine issue for trial. Plaintiff has failed to meet his burden to overcome the summary judgment motion.

Because no constitutional right has been violated, Defendant is entitled to qualified immunity on Plaintiff's retaliation claim against him in his individual capacity. Defendant is also entitled to summary judgment as a matter of law on Plaintiff's sole remaining claim of retaliation. *Linbrugger*, 363 F.3d at 540.

### B. Plaintiff's Pending Motions

Plaintiff moved this court for a hearing on spoilation of evidence, asking that the court enter an order requiring jail officials to preserve any video footage of the incident, and to sanction jail officials for the destruction of such footage. Plaintiff argues that the filing of grievances and complaints about the incident put officials on notice that any footage should have been preserved, rather than be subject to scheduled destruction.

The court has found that Defendant Boecker is entitled to qualified immunity and summary judgment as a matter of law on Plaintiff's claim of retaliation, after making all inferences in Plaintiff's favor. The court therefore finds that Plaintiff's Motion for Hearing filed March 15, 2012 (Doc. 53) should be **DENIED**.

Plaintiff also filed motions seeking to have the court order that Defendant, his attorney(s), and his witness(es) not refer to the criminal history of Plaintiff or his witnesses, as well as various

other matters and issues, in the event of a trial. The court having found that Defendant is entitled to qualified immunity and summary judgment as a matter of law, it is clear that Plaintiff's Motion in Limine and Motion for Leave to File Amended Motion in Limine, both filed March 21, 2012 (Docs. 56, 57) are lacking in merit and are also now moot. Therefore, such motions are **DENIED**.

### IV.   CONCLUSION

Having considered the motions, the briefs, the appendices and exhibits, the applicable law, and the interests of justice, the court finds that Defendant is entitled to qualified immunity, that Defendant's Motion for Summary Judgment should be granted, and that summary judgment should be entered in favor of the Defendant on the sole remaining claim in this matter.

**IT IS**, **THEREFORE**, **ORDERED** that Defendant's Motion for Summary Judgment filed March 20, 2012 (Doc. 54), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing filed March 15, 2012 (Doc. 53), and Motion in Limine and Motion for Leave to File Amended Motion in Limine, both filed on March 21, 2012 (Docs. 56, 57) are **DENIED**.

Summary judgment shall be entered in favor of Defendant Dale L. Boecker.

Any other pending motions are **DENIED**.

**SO ORDERED.**

DATED this 6th day of July, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**

Case 1:10-cv-00098-BL Document 67 Filed 07/06/12 Page 16 of 16 PageID 387

-16-